
UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD ANDERSON, #42135 | ) ) ) | |
| Plaintiff, | ) ) | 3:11-cv-00626-LRH-VPC |
| vs. | ) ) | **ORDER** |
| ROBERT BANNISTER, et al., | ) ) | |
| Defendants. | ) ) / | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On January 11, 2012, the court directed that plaintiff had thirty (30) days to file an amended complaint if he was able to cure the stated deficiencies (ECF #10, *see also* ECF #4). Plaintiff has now field a motion to amend the complaint (ECF #11). This motion is denied as duplicative. As stated, plaintiff already has leave to file an amended complaint.

**As stated in previous orders, plaintiff may file an amended complaint if he is able to set forth specific allegations that specific defendants acted (or failed to act) with deliberate indifference to his serious medical needs.** Plaintiff shall set forth all claims and defendants–including any additional claims or defendants–in his amended complaint.

1  Plaintiff is again reminded that he should specifically identify each defendant to the best
2 of his ability, clarify what constitutional right he believes each defendant has violated and support each
3 claim with factual allegations about each defendant's actions or failure to act. There can be no liability
4 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
5 actions or inaction and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*,
6 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's
7 claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v.*
8 *Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

9  Plaintiff is further reminded that the court cannot refer to a prior pleading in order to
10 make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be
11 complete in itself without reference to any prior pleading. This is because, as a general rule, an amended
12 complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once
13 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
14 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each
15 defendant must be sufficiently alleged.

16  **IT IS THEREFORE ORDERED** that plaintiff's motion to amend complaint (ECF #11)
17 is **DENIED** as duplicative and moot.

18  **IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date
19 that this order is entered to file his amended complaint, if he believes he can correct the noted
20 deficiencies. He shall include any additional claims that he has and defendants that he wishes to name.
21 The amended complaint must be a complete document in and of itself, and will supersede the original
22 complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not
23 carried forward in the amended complaint will no longer be before the court.

24  **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint
25 as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint
26 Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:11-**

1  **CV-00626-LRH-VPC**, above the words "FIRST AMENDED" in the space for "Case No."

2       **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not

3  timely file an amended complaint in compliance with this order, this case may be immediately

4  dismissed.

8  DATED this 22nd day of February, 2012.

                                                 UNITED STATES MAGISTRATE JUDGE