# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD ANDERSON,

    *Plaintiff*,

vs.

ROBERT BANNISTER, *et al.*

    *Defendants*.

3:11-cv-00626-LRH-VPC

ORDER

This prisoner civil rights action comes before the Court on plaintiff's motion (#18) for entry of default.

Plaintiff seeks entry of a default against Sierra Surgery Center Hospital based upon a failure of such purported defendant to respond to the first amended complaint (#13). The motion will be denied for a number of reasons.

First, the Court stayed the case for settlement discussions, which precludes the motion.

Second, Sierra Surgery Center Hospital was not named as a defendant in the first amended complaint. The pleading instead appears to name Sierra Surgery Center Hospital Doe(s) Defendant(s). The caption lists "Sierra Surgery Cent, Does." The defendant listing refers to "Sierra Surgery Cent Hospital" as being employed as "Doe Defendant(s)." The body of the pleading refers to the acts and omissions of a "Doe" nurse at the facility. Even effective service on the hospital, which has not occurred here, would not be effective service on an alleged fictitiously-named Doe defendant who worked at the hospital.

Third, as indicated, plaintiff has not secured effective service on the hospital even if it were a defendant. Simply mailing a copy of the first amended complaint or plaintiff's purported notice (#17)

-2-

of failure to respond by first class mail does not constitute effective service requiring a response from any defendant. If the Attorney General has not accepted service – and its acceptance of service at this point for other defendants is only for the limited purpose of settlement discussions – for a particular named defendant or defendants, then, after the stay is lifted, the Court will direct plaintiff to complete and return to the Clerk the required forms for service on such defendant(s). In such forms, he must provide the address for proper service on the named defendant.

In the meantime, however, plaintiff may not pursue service, default, or motion practice during the pendency of the stay.

IT THEREFORE IS ORDERED that plaintiff's motion (#18) for entry of default is DENIED.

DATED this 29th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE